Dykman, J.
This is an appeal by the defendant Barnes from the final judgment in this action, and, also, from the *643 order made at special term granting the judgment and an allowance against the defendant Barnes.
The final judgment was awarded upon the report of a referee appointed by the interlocutory judgment to take and state the accounts between the plaintiffs and the defendant Barnes.
The appeal is taken in pursuance of the provisions of section 1350 of the Code of Civil Procedure and brings before us for review only the proceedings before the referee upon the accounting and the order of confirmation granting the final judgment and the allowance.
We are very familiar with the facts involved in this litigation. The case has been before the courts in different shapes at various times, and our views of the merits have been fully expressed.
There is nothing new presented by this appeal and we deem it unnecessary to make any extended explanation of our views at this time. The report of the referee is founded upon testimony amply sufficient for its sustenance and its confirmation was unavoidable in view of the adjudication in the interlocutory judgment.
The granting of an extra allowance was also proper.
The respondents have moved to dismiss this appeal and we consider the practice adopted by the appellant very doubtful, nevertheless, we have deemed it the best course for us to affirm the judgment and order appealed from, and then if the defendants appeal from our present decision to the court of appeals, that court will have all the questions before it, and can make such disposition of the matter as it deems advisable.
The judgment and order appealed from should be affirmed, with ten dollars costs and disbursements.
The motion to dismiss the appeal should be denied, without costs.
Pratt, J.
The decision made upon the appeal from the interlocutory judgment must be taken as the law of this case so long as it remains unreversed.
Examination of the proceedings taken before the referee does not disclose any errors upon his part.
The final judgment would, therefore, be affirmed, were it not for an error, caused doubtless by inadvertence in settling the form of the final judgment. By the terms of the final judgment, as thus settled, it is ordered that if defendant, Barnes, fails to pay within twenty days the $28,^92, found due from him to Garnett & Wimans, the referee shah forthwith sell the 109 shares of the capital stock of the corporation owned by Barnes, and apply the proceeds towards discharging that indebtedness.
*644 Such a clause was contained in the interlocutory judgment proposed by plaintiffs to the general term, but was expressly overruled and rejected as uncalled for and unnecessary. We might go further and say, that while an appeal is pending' and diligently prosecuted, such a severe and summary proceeding would be open to criticism.
The rights of the plaintiffs are secured by their lien upon this stock, in addition to such other remedies as the law gives to a judgment creditor.
They can, therefore, suffer no detriment by delay, other than such as is inseparable from the orderly administration of justice, while if the defendant, Barnes, should by such sale lose his stock and the judgment afterwards, it might cause a reproach to the administration of justice.
That provision of the judgment is a manifest inadvertence and must be reversed.
No other error is found, and the judgment, as thus modified, is affirmed, with costs.
The motion to dismiss the appeal is not well taken, and is denied. No argument is needed to show that by appealing from an interlocutory judgment a suitor does not debar himself from all remedy for such errors as may thereafter be committed.